IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JONAS VINSON and DAVID HIGDON,** )<br>)<br>**Plaintiffs,** )<br>)<br>vs. )<br>)<br>**CRITTER CONTROL, INC.; CRITTER** )<br>**CONTROL OF THE GULF COAST, LLC;** )<br>**CRITTER CONTROL OF JACKSON, MS.** )<br>**LLC; and CRITTER CONTROL OF** )<br>**SOUTH LOUISIANA, LLC,** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NO. 11-0714-KD-N** |

## ORDER

This action is before the Court on the joint stipulation of partial dismissal wherein the plaintiffs Jonas Vinson and David Higdon and defendant Critter Control, Inc., request that the Court dismiss with prejudice the above-styled cause against Critter Control, Inc. with each party to bear their own attorney's fees, costs and expenses. (Doc. 20)[1]  Upon consideration, and for the reasons set forth herein, the request for dismissal is DENIED at this time.

Plaintiffs bring four claims for relief:  Claim One for "FLSA/Wage and Hour" pursuant to the Fair Labor Standards Act, Claim Two for "Retaliation" for complaints regarding the defendants' employment practices, Claim Three for "Breach of Contract", and Claim Four for "Fraud". (Doc. 1).  Thus, at least one claim is governed by the Fair Labor Standards Act.  In this circuit, the "FLSA provisions are mandatory" and  "the 'provisions are not subject to negotiation

---

[1] Rule 41 of the Federal Rules of Civil Procedure governs dismissals of actions and Rule 41(a) governs voluntary dismissals by the plaintiff. The Court construes the request as brought pursuant to Rule 41(a)(2) because Rule 41(a)(1) does not apply.  The stipulation has not been signed by all parties who have appeared and the notice of dismissal was filed after defendants had served their answers.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i) & (ii).  Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir.1982)).  Thus, "[o]nly two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor, [ ] the other is pursuant to 'a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Silva,* 307 Fed. Appx. at 351 (quoting *Lynn's Food Stores, Inc.*, 679 F 2d at 1354).

Plaintiffs did not inform the Court as to why they stipulate to the dismissal of defendant Critter Control, Inc.  Therefore, the Court is without sufficient information to ascertain whether there has been a settlement or compromise of their FLSA claim against defendant Critter Control, Inc. or whether the stipulation is based on other grounds.  Accordingly, the request to dismiss defendant Critter Control, Inc. cannot be granted at this time.

**DONE** and **ORDERED** this 15th day of October, 2012.


 s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**