IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONAS VINSON, and DAVID HIGDON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-714-KD-N |
| | ) | |
| CRITTER CONTROL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the court on a *sua sponte* review of its jurisdiction.  See Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 Fed. App'x 854, 856 (11th Cir.2010) (per curiam) ("[A] district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking.") (citing Fed.R.Civ.P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006)).  For the reasons set forth below, plaintiff, Jonas Vinson's claims against defendants are DISMISSED without prejudice for lack of subject matter jurisdiction.

Plaintiffs, Jonas Vinson and David Higdon, filed suit against defendants Critter Control, Inc.,[1] Critter Control of the Gulf Coast, L.L.C., Critter Control of Jackson, MS, L.L.C., and Critter Control of South Louisiana, L.L.C., alleging, in sum, violations of the Fair Labor Standards Act and state law claims of breach of contract and fraud.  Specifically, plaintiffs bring the following claims for relief:  Claim One for "FLSA/Wage and Hour" pursuant to the Fair Labor Standards Act, Claim Two for "Retaliation" for complaints regarding the defendants'

---

[1] On October 12, 2012 plaintiffs and defendant Critter Control, Inc., filed a "Joint Stipulation of Partial Dismissal" (doc. 20) as to Critter Control, Inc.  The stipulation was signed by only plaintiffs' counsel and counsel of record for Critter Control, Inc.  The court denied the requested relief on the grounds, in sum, that there was not "sufficient information to ascertain whether there has been a settlement or compromise of their FLSA claim against defendant Critter Control, Inc. or whether the stipulation is based on other grounds." (Doc. 21) During the settlement conference with the Magistrate Judge, counsel for plaintiffs advised that a new motion, signed by counsel for all parties, setting out with specificity the grounds upon which the dismissal is predicated would be filed with the court.

employment practices, Claim Three for "Breach of Contract", and Claim Four for "Fraud". (Doc. 1).  Although the Complaint appeared to include claims asserted by Mr. Vinson under the Fair Labor Standards Act ("FLSA"), in their answer, the Defendants denied any liability under the FLSA with respect to Mr. Vinson on the grounds that he was "an outside salesman [who] is therefore not covered by the FLSA." (Doc. 18 at ¶ 1(b)).

On Tuesday, October 23, 2012, Magistrate Judge Katherine P. Nelson conducted a settlement conference in this matter.  The FLSA claims of plaintiff David Higdon were resolved during the conference. [2]   Upon questioning by the Magistrate Judge, Mr. Vinson and his counsel, Daniel Hannan, Esq., conceded that Mr. Vinson did not have any FLSA claims against the defendants and was, in fact, only asserting state law claims for breach of contract and fraud, over which this Court lacked jurisdiction.  Mr. Vinson and his counsel then acknowledged that those state law claims were due to be dismissed for lack of jurisdiction.

Consequently, it is **ORDERED** that the claims asserted by Jonas Vinson in this action be and are hereby **DISMISSED without prejudice** for lack of jurisdiction.

As to the FLSA claims asserted by plaintiff David Higdon, the parties are **ORDERED** to file a motion to approve settlement on or before **November 26, 2012.**

**DONE** this 31st day of October, 2012.

                                                      s/ Kristi K. DuBose
                                                      **KRISTI K. DuBOSE**
                                                      **UNITED STATES DISTRICT JUDGE**

---

[2]  Pursuant to the requirements of the Fair Labor Standards Act the undersigned must now determine whether the settlement is fair and reasonable.  *See* Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009) *quoting* Lynn's Food Stores, Inc. v. U .S. ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352 (11th Cir.1982) ("Only two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor, [ ] the other is pursuant to 'a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" ).