IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JONAS VINSON and DAVID HIGDON,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 11-0714-KD-N** |
| ) | |
| **CRITTER CONTROL, INC.; CRITTER** ) | |
| **CRITTER CONTROL OF JACKSON, MS.** ) | |
| **LLC; and CRITTER CONTROL OF** ) | |
| **SOUTH LOUISIANA, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on the parties' joint motion to approve settlement of Plaintiff David Higdon's case against all defendants and to dismiss defendant Critter Control, Inc. (Doc. 25)

I. <u>Joint motion to dismiss Critter Control, Inc.</u>

In the joint motion, the parties state that Critter Control, Inc. provided Higdon with evidence that it was not his employer for purposes of the Fair Labor Standards Act. They now agree that Critter Control, Inc., should be dismissed from this action. The docket indicates that all remaining parties signed the joint motion.[1] Therefore, the Court shall construe the motion as a joint stipulation for dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Accordingly, this action is **DISMISSED without prejudice**[2] as to defendant Critter

---

[1] Plaintiff Jonas Vinson's claims against all defendants were dismissed without prejudice for lack of subject matter jurisdiction. (Doc. 24)

[2] Rule 41 provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. Rule 41(a)(1)(B)

Control, Inc.  However, this dismissal shall not be construed as dismissing Higdon's claims against the remaining defendants.

II. <u>Joint motion to approve settlement of Higdon's claims under the Fair Labor Standards Act 29 U.S.C. §§ 201, *et seq*</u>

Plaintiff Higdon brings two claims for relief under the Fair Labor Standards Act:  Claim One for "FLSA/Wage and Hour" and Claim Two for "Retaliation" for complaints about the defendants' employment practices. (Doc. 1)[3]  The parties now move the Court to approve the settlement of Higdon's claims.

In this circuit, the "FLSA provisions are mandatory" and "the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir.1982)).  Thus, "[o]nly two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor, [ ] the other is pursuant to 'a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Silva,* 307 Fed. Appx. at 351 (quoting *Lynn's Food Stores, Inc.*, 679 F 2d at 1354).  The latter is applicable here.  Thus, before entry of a stipulated judgment, the Court must determine whether there is a "bona fide dispute over FLSA provisions" and then determine whether the settlement agreement proposed is a fair and reasonable resolution of that dispute. *Id*.  Moreover, the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id*.  Therefore,

---

[3]  The complaint indicates that only Vinson brought state law claims for breach of contract and fraud. (Doc.1) ("Plaintiff Vinson also asserts state law claims for breach of contract and fraud.")

in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." *Vergara v. Delicias Bakery & Restaurant, Inc*., 2012 WL 2191299, *1 (M.D. Fla. May 31, 2012).

The parties state that Higdon sought "$10.00 an hour for all meal time hours that he was denied" during the "period of less than four months" that he was employed by defendants and that defendants denied Higdon's allegations as to the unpaid wages. (Doc. 25, p. 2)   The parties explain that after "arms-length negotiations the parties reached an agreement in which both sides compromised their positions" and that the "agreement calls for a "total settlement of $3,000.00". (Id.)  The parties also state that "[t]he settlement for which all parties seek this Court's approval reimburses Plaintiff for essentially all hours that he alleged he was not paid and liquidated damages." *Id*.

Review of the complaint and the parties' statements in the joint motion indicates that there is a "bona fide dispute" over FLSA provisions. *See Lynn's Food Stores*, 679 F.2d at 1353 ("If a settlement in an employee FLSA suit ... reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.").  However, the complaint and these statements do not assist the Court in determining the amount of unpaid wages actually claimed by Higdon and consequently, whether the compromise, *i.e*., the settlement for a total of $3,000.00, was fair and reasonable.

Also, under the FLSA there are certain provisions that are generally disallowed in a settlement agreement disposing of FLSA claims.  For example, confidentiality clauses and pervasive release provisions generally render a FLSA settlement agreement unfair and unreasonable. *See Robertson v. Ther-Rx Corp*., 2011 WL 1810193, *3 (M.D. Ala. May, 12, 2011) (striking the confidentiality clause); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348-

Case 1:11-cv-00714-KD-N   Document 26   Filed 12/28/12   Page 4 of 5

1349 (M.D. Fla. 2010) (denying approval of a pervasive release).  Without review of the settlement agreement as executed, the Court cannot ascertain whether its terms comply with the FLSA and thus whether the settlement is a fair and reasonable resolution of the FLSA dispute.

As to attorney's fees, the parties state that "[a]ttorney fees were paid as part of the settlement" and that "plaintiff and plaintiff's attorney agree that the attorneys' fee paid in this matter is fair and reasonable". (Doc. 25) The FLSA requires that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) Although plaintiff and counsel agree that the attorney's fees paid are reasonable, that does not exonerate the Court from its duty to determine and allow a reasonable attorney's fee. *Silva*, 307 Fed. Appx. at 352 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").

In that regard, because the parties have not provided the Court with any information as to the attorney's fees paid to plaintiff's counsel, the Court is without sufficient information to determine whether the attorney's fee paid is a reasonable attorney's fee.  In FLSA actions, this Court begins with the lodestar analysis and the plaintiff bears the burden to document and prove the hours reasonably expended and the reasonable hourly rates. *Norman v. Alorica*, 2012 WL 5452196, *2 (S.D. Ala. Nov. 7, 2012).  Accordingly, plaintiff shall provide the Court with sufficient documentation that it may utilize the lodestar method and determine the reasonableness of the attorney's fees paid. *See Padurjan v. Aventura Limousine & Transp. Service, Inc.*, 441 Fed.Appx. 684, 686, (11th Cir. 2011) ("To calculate reasonable attorneys' fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. These amounts are multiplied together to

4

determine the so-called 'lodestar.'" which may then be adjusted "as necessary in the particular case.") (citations omitted).

Accordingly, for the reasons set forth herein, the joint motion is **DENIED** with leave to re-file on or before **January 18, 2013**, to include a copy of the written settlement agreement, information about the amount claimed and sufficient documentation to support an allowance of a reasonable attorney's fee.[4]

**DONE** and **ORDERED** this 28th day of December, 2012.

<u>s / Kristi K DuBose</u><br>
**KRISTI K. DuBOSE**<br>
**UNITED STATES DISTRICT JUDGE**

---

[4] The court recognizes that the additional work needed to approve the settlement is burdensome in comparison to the amount involved in the settlement.   However, the law requires the court to micromanage FLSA settlements.