IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID HIGDON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 11-0714-KD-N |
| ) | |
| CRITTER CONTROL OF THE GULF ) | |
| COAST, LLC;  CRITTER CONTROL ) | |
| OF JACKSON, MS., LLC; and ) | |
| CRITTER CONTROL OF SOUTH ) | |
| LOUISIANA, LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on the order granting defense counsel's motion to withdraw and advising defendants Critter Control of the Gulf Coast, LLC; Critter Control of Jackson, Ms., LLC; and Critter Control of South Louisiana, LLC, to secure replacement counsel (doc. 28) and the supplemental motion for settlement approval filed by plaintiff David Higdon (doc. 31).  Upon consideration, and for the reasons set forth herein, the supplemental motion for settlement approval is GRANTED and the settlement is approved as a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir.1982).

I. Order granting defense counsel's motion to withdraw

Previously, defense counsel moved to withdraw and the motion was granted (docs. 27, 28). In the order granting the motion, the Court explained that artificial entities such as corporations and limited liability companies cannot defend themselves *pro se* or represent themselves through their members, officers or shareholders, but instead may appear in federal

court only through licensed counsel. Defendants were then ordered to secure replacement counsel and notify the Court as to the identity of replacement counsel on or before January 18, 2013. Defendants were "strongly cautioned that the failure of counsel to appear on their behalf by January 18, 2013, may result in the entry of a default judgment against the defendants" (doc. 28, p. 2). The docket indicates that copies of the order were sent by regular and certified mail to the defendants in care of their limited liability company member as instructed in the order (doc. 28). Defendants did not notify the Court as to the identity of replacement counsel and counsel has not appeared on their behalf as ordered.

The law is well-established that corporations or limited liability companies must have counsel and cannot proceed *pro se*. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716 (1993). ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel[]" and "the rationale for that rule applies equally to all artificial entities."); *see F.T.C. v. Gem Merchandising Corp.*, 1995 WL 623168 (11th Cir. Sept.1, 1995); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir.1985) ("[A] corporation is an artificial entity that ... cannot appear pro se, and must be represented by counsel.").

Also, the failure of a limited liability company to "obtain counsel may be construed as a failure to defend within the meaning of Rule 55." *Green v. National Management Recovery Corp.*, 2011 WL 7789450 (M.D. Fla. Nov. 10, 2011) (slip copy) (collecting cases); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Since counsel has not appeared on behalf of the defendants, they

have failed to otherwise defend this action. Accordingly, the Clerk of the Court is directed to enter default as to the defendants.

Default having been entered, the Court looks next to whether default judgment may be entered as a sanction for defendants' failure to follow this Court's order.  The district courts possess inherent power to sanction the litigants that come before them. *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F. 3d 1332, 1335 (11th Cir. 2005) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions.") "This power is derived from the court's need 'to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001).  "The court has the power either to dismiss a case with prejudice or to enter a default judgment for failure to prosecute with reasonable diligence or for failure to comply with court orders or rules of procedure." *Donaldson v. Clark,* 819 F.2d 1551, 1557 n.6 (11th Cir. 1987).  Generally, the sanction of a "default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *In re Sunshine Jr. Stores, Inc.,* 456 F. 3d 1291, 1306 (11th Cir. 2006) (quoting *Malautea v. Suzuki Motor Co. Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993)).  The district court may exercise its inherent power upon a finding of bad faith. *Byrne*, 261 F.3d at 1106 (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)).   Bad faith may exist where a party has delayed or disrupted the litigation or hampered enforcement of a court order. *Byrne*, 261 F.3d at 1121 (citation omitted).

Review of the record indicates that defendants participated in a settlement conference with Magistrate Judge Katherine P. Nelson at which time Higdon's claims under the Fair Labor

Standards Act were settled[1] (doc. 22, order setting settlement conference; minute entry showing settlement conference was held on October 24, 2012). This Court entered an order confirming that the FLSA claims were resolved during the settlement conference and directing the parties to file a motion to approve the settlement (doc. 24). The joint motion for settlement was filed; however, the motion was denied with leave to re-file in order for the parties to provide additional information to the Court (doc. 26).[2]

Counsel represented the defendants throughout these proceedings, including the settlement conference. However, after the joint motion was denied, defense counsel moved to withdraw on basis that the defendants had terminated his services and that the owner of the Critter Control franchises intended to personally represent the limited liability companies (doc. 27). As previously stated, the motion to withdraw was granted, defendants were informed that they could not proceed *pro se* and ordered to obtain new counsel. They were warned that failure to do so may result in a default judgment but defendants failed to obtain new counsel (doc. 28).

The Court finds that by failing to obtain new counsel, defendants have not only failed to follow an order of this Court but have also disrupted or delayed this litigation. Specifically, defendants are prohibited from proceeding *pro se*. Thus, by firing their counsel and failing to obtain new counsel, they are prohibited from joining in the supplemental motion to approve settlement, and hence, delaying the Court's consideration of the settlement agreement and disrupting this litigation. At this point, the motion to approve settlement has been denied. In other words, the action has not been closed. Thus, the Court could set this action for trial and expose the Court and Higdon to the time, expense, and consumption of judicial resources caused

---

[1] The parties ascertained that plaintiff Jonas Vinson's claims were based upon state law and not the FLSA. Therefore, his action was dismissed for lack of jurisdiction (doc. 24).
[2] The Court requested a copy of any written settlement agreement and for documentation of the attorney's fee.

4

by further litigation, or the Court may find that defendants have acted in bad faith and exercise its inherent powers to enter a default judgment.   The Court finds the latter alternative more appropriate in these circumstances.

Thus, default judgment as to Higdon's claims under the Fair Labor Standards Act is hereby entered as to the defendants because no lesser sanctions would suffice in view of the settlement reached during the settlement conference and the status of the litigation.[3]  Since the parties agreed in principal to the settlement, as evidenced by the initial motion to approve settlement filed by Higdon and defendants while still represented by counsel, the Court finds that appropriate damages may be determined by consideration of the settlement agreement as required by the Fair Labor Standards Act, as if defendants had jointly submitted the supplemental motion with Higdon.  *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir.2003) ("[T]he choice of an appropriate sanction must be handled on a case-by-case basis.").

II. <u>Supplemental motion to approve settlement of Higdon's claims under the Fair Labor Standards Act 29 U.S.C. §§ 201, *et seq*</u>

Higdon brings two claims for relief under the Fair Labor Standards Act:  Claim One for "FLSA/Wage and Hour" and Claim Two for "Retaliation" for complaints about the defendants' employment practices. (Doc. 1)  In this circuit, the "FLSA provisions are mandatory" and "the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir.1982)).  Thus, "[o]nly two ways exist for the settlement or compromise of an employee FLSA claim: one is where an employee accepts payment supervised by the Secretary of Labor, [ ] the other is pursuant to 'a stipulated judgment

---

[3]  The final pretrial conference was set for March 7, 2013 and the action was set for jury trial during this Court's April trial term.

entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Silva,* 307 Fed. Appx. at 351 (quoting *Lynn's Food Stores, Inc.*, 679 F 2d at 1354). The latter is applicable here. Thus, before entry of a stipulated judgment, the Court must determine whether there is a "bona fide dispute over FLSA provisions" and then determine whether the settlement agreement proposed is a fair and reasonable resolution of that dispute. *Id*. Moreover, the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id*. Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*." *Vergara v. Delicias Bakery & Restaurant, Inc.*, 2012 WL 2191299, *1 (M.D. Fla. May 31, 2012).

In the initial motion to approve settlement, the parties stated that Higdon sought "$10.00 an hour for all meal time hours that he was denied" during the "period of less than four months" that he was employed by defendants and that defendants denied Higdon's allegations as to the unpaid wages. (Doc. 25, p. 2) They explained that after "arms-length negotiations the parties reached an agreement in which both sides compromised their positions" and that the "agreement calls for a "total settlement of $3,000.00". (Doc. 25) The parties also stated that "[t]he settlement for which all parties seek this Court's approval reimburses Plaintiff for essentially all hours that he alleged he was not paid and liquidated damages." *Id*.

Review of the complaint and the parties' statements in the joint motion, the Court found that there is a "bona fide dispute" over FLSA provisions. *See Lynn's Food Stores*, 679 F.2d at 1353 ("If a settlement in an employee FLSA suit ... reflect[s] a reasonable compromise over

6

issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."). (Doc. 26)

In the supplemental motion, Higdon explains that he is receiving $800.00 for his actual unpaid wages (Doc. 31). Under the FLSA " ... [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages[.]" 29 U.S.C. § 216(b).

Higdon worked for defendants for approximately four months and was not paid five hours each week for meal time. He sought damages for twenty hours per month for four months, or 80 hours, at his hourly rate of $10.00, which totals $800.00. He also sought liquidated damages of $800.00. Higdon states that he agreed to accept total damages of $1,600.00, at the settlement conference. Higdon states that he did not sign a written settlement agreement because he made no other agreements except to dismiss this action and accept the $1,600.00. Since Higdon recovered the total amount of unpaid wages plus an equal amount of liquidated damages, the Court finds that the settlement was a fair and reasonable resolution of a bona dispute under the Act.

As to attorney's fees, the FLSA requires that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Thus, the Court has a duty to determine and allow a reasonable attorney's fee. *Silva*, 307 Fed. Appx. at 352 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee

recovers under a settlement agreement."). In order to "calculate reasonable attorneys' fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services." *Padurjan v. Aventura Limousine & Transportation Service, Inc.*, 441 Fed. Appx. 684, 686 (11th Cir. 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Multiplying the reasonable hourly rate by the hours reasonably expended yields the "lodestar" which is the "starting point" for the Court's determination. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir.2008) (citation omitted); *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

In calculating the lodestar, the twelve factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714, 717-719 (5th Cir. 1974),[4] "might be considered in terms of their influence on the lodestar amount." *Norman*, 836 F. 2d at 1299. However, the "district courts may, but are not required to, consider [all twelve *Johnson* factors] since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 Fed.Appx. 799, 801-802 (11th Cir. 2012) (citations omitted); *Bivins*, 548 F.3d at 1350 ("In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court is to consider the 12 factors enumerated in *Johnson*[.]")  Once calculated, "adjustments to [the load star] then may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

---

[4] The factors are as follows: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974).

Generally, time entries that document redundant or excessive work or work that was otherwise unnecessary should not be included when calculating hours reasonably expended. *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301 (the prevailing party cannot recover hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.") Moreover, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350.  Also, the reasonable hourly rate is the prevailing market rate "in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 436 (11th Cir.1999).

Higdon has the burden of documenting and proving the reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F.3d 423 at 427. To meet that burden, he must supply detailed evidence of the work performed and the time expended along with evidence to support the requested hourly rates so that the Court may properly assess the hourly rate and time claimed for each activity. *Id*.

In response to this Court's order, counsel provided a breakdown of the hours expended and the work performed.  (Doc. 31-1)  Counsel spent a total of 29.5 hours representing Higdon in this action.  Review of the descriptions of the work performed and consideration of the factors set forth herein, the Court finds that the hours were reasonably expended and were not redundant, excessive or unnecessary.

Although counsel does not set forth his hourly rate, this Court has previously determined that $250.00 is a reasonable hourly rate for counsel with comparable skill and experience (counsel has been practicing law in this district since 1989 and has represented clients in both the

state and federal court including labor and employment law and FLSA actions). *See Adams v. Austal, U.S.A., L.L.C.*, 2010 WL 2496396, 6 (S.D.Ala. June 16, 2010) (slip opinion) (awarding $250.00 per hour for an attorney with 22 years experience in employment discrimination law). Therefore, the Court finds that $250.00 is a reasonable hourly rate. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted) ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.")   Multiplying the hours reasonably expended times the reasonable hourly rate yields the amount of $7,375.00 as a reasonable attorney's fee.  However, at the settlement conference, counsel agreed to compromise his fees and accepted the sum of $1,400.00.  Therefore, the Court approves the attorney's fee as agreed by the parties at the settlement conference.

III.  Conclusion

Accordingly, for the reasons set forth herein, the supplemental motion for settlement approval is (doc. 31) is GRANTED and the settlement agreement as made during the settlement conference is APPROVED. The Court does not retain jurisdiction to enforce the settlement agreement.  Final judgment shall be entered by separate document.

**DONE** and **ORDERED** this 25th day of February, 2013.

> s / Kristi K DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**